**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ASHLEY MARRERO, et al.<br><br>　　Plaintiffs<br><br>　　v.<br><br>PUERTO RICO ELECTRIC POWER<br>AUTHORITY, et al.<br><br>　　Defendants | Civil No. 07-1649(SEC) |

**OPINION AND ORDER**

Pending before the Court is Defendant Puerto Rico Electric Power Authority's (PREPA) Motion for Judgment on the Pleadings (Docket # 6) and Plaintiffs' oppositions thereto (Docket # 21). After reviewing the filings and the applicable law, the appearing Defendant's Motion for Judgment on the Pleadings will be **GRANTED IN PART AND DENIED IN PART**.

**Standard of Review**

*Federal Rule of Civil Procedure 12 (c)*

Fed. R. Civ. P. 12(c) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In ruling on a motion to dismiss pursuant to Rule 12(c), the Court will apply the same standards for granting relief that it would have employed had the motion been brought under Rule 12(b)(6). See, CHARLES ALAN WRIGHT & ARTHUR MILLER, 5A FEDERAL PRACTICE AND PROCEDURE, § 1367 (2003); see also, Slotnick v. Garfkinkle, 632 F.2d 136, 165 (1st Cir. 1980).

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008). In evaluating whether Plaintiffs are entitled to relief, the Court must accept

**Civil No. 07-1649(SEC)**                                                                                              2
_____

as true all "well-pleaded facts [and indulge] all reasonable inferences therefrom." Id. However, Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Id. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008). Therefore, "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306.

**Factual and Procedural Background**

Plaintiffs filed their complaint on July 19, 2007. See, Docket # 2. After requesting an extension of time to answer the complaint (see, docket # 5) PREPA filed the instant Motion for Judgment on the Pleadings on October 8th, 2007. See, Docket # 6. Plaintiffs then requested an extension of time to offer a response in opposition to PREPA's Motion. See, Docket # 9. Said response was filed on November 20th, 2007. See, Docket # 21.

On August 18th, 2005, Plaintiff Ashley Marrero, while employed by J.S. Construction, was sent to replace some non-energized TV cables with fiber optic cables. See, Docket # 2, ¶¶ 4.1-4.2. Marrero alleges that when he arrived to the area where the TV cables were it became apparent to him that he would need to jump over a fence in order to reach said cables. See, id. at ¶ 4.3. Marrero avers that having to jump over fences in order to reach cable TV cables was a typical occurrence. See, id. Marrero asserts that while climbing over the fence he grabbed onto a tree limb and received an electrical discharge because some of the tree's branches touched some overhead high voltage power lines. See, id. at ¶¶ 4.4 & 4.6. Marrero maintains that the power lines were owned by PREPA. See, id. at 4.6.

Marrero was hospitalized and brought a claim to the State Insurance Fund (SIF),

**Civil No. 07-1649(SEC)**                                                                                          3
_____

which then provided for his treatment.  See, Docket # 21, p. 2.  Marrero was discharged by the SIF on September 7th, 2007.  See, id.  On August 14th, 2006, as a result of the abovementioned event, Marrero's wife, Nora Ortíz, filed a suit in the Puerto Rico Court of First Instance, seeking to recover damages from PREPA.  See, id. at 2-3.  On January 27th, 2007, Ortíz requested the voluntary dismissal of her claim.  See, id. at 3.  The Puerto Rico Court of First Instance granted said motion on February 2nd, 2007.  See, id. at 3.

**Applicable Law and Analysis**

Article 1802 of the Puerto Rico Civil Code, the lynchpin of tort liability in the Puerto Rican legal system, states that: "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." P.R. LAWS ANN. tit. 31, § 5141.  In turn, the obligations arising from the fault or negligence mentioned above prescribe one (1) year from the time the aggrieved person had knowledge thereof.  P.R. LAWS ANN. tit. 31, § 5298.  However, the statute of limitations is tolled by the institution of an action before the courts.  P.R. LAWS ANN. tit. 31, § 5303.  In addition, "[w]hen a complaint is filed in the Commonwealth courts, the statute of limitations begins to run anew from the date on which that action comes to a definite end." Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 97 (1st Cir. 2004).  This "definite end" includes the voluntary dismissal of the original action.  López-González v. Municipality of Comerío, 404 F.3d 548, 552 (1st Cir. 2005).  Moreover, the one (1) year statute of limitations for §5141 actions "may be tolled by filling a claim within three years of learning that an injury is work related with the State Insurance Fund." Rosado Serrano v. E.I. Dupont de Nemours and Co., Inc., 797 F.Supp. 98, 102 (D.P.R. 1992); P.R. LAWS ANN. tit. 11, § 3(a)(1).  Finally, where the injury entitling an employee to compensation has been caused under circumstances making a third party responsible for such injury, the injured employee may claim and recover damages from the third party responsible for said injury within one

**Civil No. 07-1649(SEC)** 4
_____

(1) year following the date of the final decision of the case by the Manager of the State Insurance Fund. P.R. LAWS ANN. tit. 11, § 32.

Since Ashley Marrero was injured on August 18th, 2005 and knew of his in jury on that same date, the statute of limitations on his suit would normally have run out by August 18th, 2006. However, since he filed a claim with the SIF which was discharged by SIF on September 7th, 2007, the statute of limitations was extended until September 7th, 2008. See, Silva-Wiscovich v. Weber Dental Mfg. Co., 835 F.2d 409, 410 (1st Cir. 1987). Thus, Ashley Marrero's claims were brought in well within the statute of limitations.

Again given the date of Ashley Marrero's injuries and his knowledge of them, Nora Ortíz had until August 18th, 2006 to file a claim. Ortíz's claim in the Puerto Rico Court of First Instance was filed on August 14th, 2006, and therefore, was within the statute of limitations. As seen above, the effect of this filing was a tolling of the limitations period and the voluntary dismissal of her action began the period anew. Thus, she had one (1) year from the Puerto Rico Court of First Instance's judgment dismissing the suit in which to file her claim again. Thus, as she had until February 3rd, 2008 to file her suit, her participation in this action is not time-barred. However, the same cannot be said for the other parties included in the instant complaint. They were not parties in the suit brought by Nora Ortíz and as such the prescriptive period for their claims ran out on August 18th. Therefore, their claims are time-barred.

**Conclusion**

Defendant's Motion for Judgment on the Pleadings (Docket # 6), is hereby **GRANTED IN PART AND DENIED IN PART.** The claims by Joshua Marrero-Ortíz, Annieyinet Franky-Ortíz, Juan Ortíz-Sanchez, and Alexander Ortíz-Sanchez are hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered forthwith.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of August, 2008.

**Civil No. 07-1649(SEC)** 5
_____

                                          S/ *Salvador E. Casellas*
                                          SALVADOR E. CASELLAS
_____ United States Senior District Judge