IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORTIZ-MARRERO, et al<br><br>    Plaintiffs<br>          v.<br><br>PREPA, et al<br><br>    Defendants | Civil No. 07-1649 (SEC) |

**OPINION and ORDER**

Pending before this Court is Plaintiffs' motion to vacate and set aside the partial judgment entered on August 28, 2008 (Docket # 146). Upon reviewing the filings, and the applicable law, the present motion is **GRANTED**.

*Factual and Procedural Background*

On July 19, 2007, Plaintiffs[1] filed the present suit against the Puerto Rico Electric Power Authority ("PREPA"), and its insurer, American International Insurance Company of Puerto Rico, Inc. ("AIICO"). Pursuant to the complaint, on August 18th, 2005, Plaintiff Ashley Marrero, while employed by JS Construction ("JS"), was sent to replace some non-energized TV cables with fiber optic cables. See Docket # 2, ¶¶ 4.1-4.2. Marrero alleges that when he arrived to the work site, it became apparent to him that he would need to jump over a fence in order to reach said cables. See id. at ¶ 4.3. Marrero avers that having to jump over fences in order to reach cable TV cables was a typical part of his job. See id. He further asserts that, while climbing over the fence, he grabbed onto a tree limb, and received an electrical discharge, because some of the tree's branches touched some overhead high voltage power lines. See id. at ¶¶ 4.4 & 4.6. Marrero maintains that the power lines were owned by PREPA. See id. at 4.6. Marrero was hospitalized and brought a claim to the State Insurance Fund (SIF), which then provided for his treatment. See Docket # 21, p. 2. Marrero was

---

[1] Ahsley Marrero, his wife, Nora Ortiz, and their children, Joshua Marrero-Ortiz, Annieyinet Franky-Ortiz, Juan Ortiz-Sanchez, and Alexander Ortiz-Sanchez.

discharged by the SIF on September 7th, 2007.  See id.

On October 8, 2007, PREPA filed a Motion for Judgment on the Pleadings (Docket # 6), and Plaintiffs opposed (Docket # 21). On August 28, 2008, this Court partially granted PREPA's motion for judgment on the pleadings, and dismissed with prejudice minors Joshua Marrero-Ortiz ("Joshua"), Annieyinet Franky-Ortiz ("Annieyinet"), Juan Ortiz-Sanchez ("Juan"), and Alexander Ortiz-Sanchez's ("Alexander") (collectively "minors") claims. Dockets ## 47 & 48. In the Opinion and Order, this Court held that the minor's claims were time-barred since the instant suit was filed on July 19, 2007, that is, almost two years after Ashley Marrero's accident. Docket # 47.

In the *interim*, PREPA filed a third party complaint against JS,[2] San Juan Cable LLC ("San Juan Cable"), Universal Insurance Company ("Universal"), and Integrand Insurance Company ("Integrand"). See Dockets ## 32 & 67. On January 23, 2009, third party defendant San Juan Cable filed a cross claim against JS, Universal, and Integrand. Docket # 92. All parties filed their respective answers to the complaint, the third party complaint, and cross claim. See Dockets ## 7, 32, 45, 46, 55, 91, 92, 103, 121, and 136.

Thereafter, the parties filed numerous motions, including Plaintiffs' request for separate trials (Docket # 94), and PREPA's motion for summary judgment (Docket # 118), among other requests. On April 17, 2009, Plaintiffs filed a motion requesting that this Court set aside the August 28, 2008 Opinion and Judgment, whereupon minors Joshua, Annieyinet, Juan, and Alexander's claims were dismissed with prejudice.  Docket # 146. According to Plaintiffs, under Puerto Rico law, the minor's claims are not time-barred since Article 1802's one-year statute of limitations is tolled for minors until they reach 21 years of age. Therefore, the minors have until one year after their 21st birthday to file suit against Defendants for the facts set forth in the present suit. As a result, Plaintiffs move this Court to vacate its prior Judgment, under to Fed. R. Civ. P. 60(b)(4) and (6).

In the *interim,* on March 9, 2009, Nora Ortiz-Marrero filed suit on behalf of the

---

[2] On December 2, 2008, PREPA voluntarily dismissed all claims against JS, and Judgment was entered accordingly. See Dockets ## 68 & 72.

**Civil No. 07-1649**

minors against PREPA, and AIICO based on the same facts set forth in the present case. See Civil No. 09-1229, Docket # 1. Shortly thereafter, PREPA and AIICO filed motions to dismiss, arguing that the minor's claims were dismissed with prejudice in the present suit, and as a result, Civil No. 09-1229's dismissal is warranted. Plaintiffs opposed, arguing that the dismissal with prejudice of the minor's claims is void as a matter of law. Civil No. 07-1649 (SEC), Docket # 25. In support of their argument, they posit that the minor's claims are not time-barred because the one-year statute of limitations for tort claims under Article 1802 begins when the minors reach 21 years of age, and prior to said date, said period is tolled.

**Standard of Review**

FED. R. CIV. P. 60(b) allows a Court, upon motion by a party, to relieve said party from a judgment entered against it for any of the several reasons set therein, if certain requirements are met. For example, a judgment may be set aside if there was excusable neglect or mistake, or fraud. The rule also permits setting aside the judgment if it is void, there is newly discovered evidence or, it has been satisfied or released. In so doing, said rule "seeks to balance the importance of finality against the desirability of resolving disputes on the merits." Farm Credit Bank v. Ferrera-Goitia, 316 F.3d 62, 66 (1st Cir. 2003).

The First Circuit has held that "[a] party who seeks recourse under Rule 60(b) "must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp., 288 F. 3d 15, 19 (1st Cir. 2002)(hereinafter Karak)(citing Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 20-21 (1st Cir. 1992). As such, "relief under Rule 60 (b) is extraordinary in nature and [...] motions invoking that rule should be granted sparingly." Karak, 288 F. 3d at 18.

The First Circuit had held that the "concept of void judgments is narrowly construed." Indianapolis Life Ins. Co. v. Herman, 204 Fed. Appx. 908, 910 (1st Cir. 2006) (citing United

**Civil No. 07-1649**

States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990)). A judgment is void, and may be set aside under Rule 60(b)(4), if the court lacked subject matter jurisdiction, or over the defendant, or when the court's actions constitute a violation of due process. Id.; O'Callaghan v. Shirazi, 204 Fed. Appx. 35, 37 (1st Cir. 2006). Specifically, "[a] judgment is not void simply because it is or may have been erroneous; it is void only if, from its inception, it was a legal nullity." Indianapolis Life Ins., 204 Fed. Appx. at 910 (citations omitted); see also O'Callaghan v. Shirazi, 204 Fed. Appx. at 37.

Rule 60(b0(6) is a "catch-all" provision, applied when subsections 1-5 do not apply. Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002).  In order for judgment to be set aside under Rule 60(b)(6), there must be a showing of "extraordinary circumstances suggesting that the party is faultless in the delay." Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 28 (1st Cir. 2006) (citations omitted). Rule 60(b)(6) only applies when, "principles of equity mandate relief." Id. (citations ommitted).

**Applicable Law and Analysis**

When jurisdiction is based on diversity of citizenship, federal court must apply state substantive law. Erie R.R. Co.  v. Tompkins, 304 U.S. 64, 92 (1938). Since the present case arises under diversity jurisdiction, Puerto Rico substantive law applies. The Puerto Rico Civil Code provides for a one-year statute of limitations for tort claims. P.R. Laws Ann. tit., 31 § 5298(2). However, "[b]y way of an exception to the one year limitations period, minors are not required to institute suits while under legal age." Rentas Santiago v. Autonomous Mun. of Ponce, 453 F. Supp. 2d 387, 392 (D.P.R. 2006) (citing Cintron v. E.L.A., 127 P.R. Dec. 582, 589 n.2 (1990)). In the case of minors or disabled persons, the statute of limitations is tolled while their minority of age or disability lasts. Cintron-Rivera v. Borders Group, Inc., 555 F. Supp. 2d 273, 276 (D.P.R. 2006) (citing Cintron v. E.L.A, 127 P.R. Dec. 582, 589 (1990); Marquez v. Tribunal Superior, 85 P.R.R. 536, 85 P.R. Dec. 559, 562-563 (1962))). Specifically, pursuant to Article 40 of the Puerto Rico Code of Civil Procedure, P.R. Laws Ann. tit. 32, § 254(1) (2007), the one year statutory period "is tolled until a plaintiff's

**Civil No. 07-1649**

twenty-first birthday in the event that the plaintiff is a minor at the time the action is filed." Id. (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 15 n.6 (1st Cir. 1997); see also Cintron v. E.L.A, 127 P.R. Dec. at 589; Cruz Vargas v. R.J. Reynolds Tobacco Co., 218 F.Supp.2d 109, 114 (D.P.R. 2002) (finding that "[plaintiff's] claims… not time-barred because he is a minor and the statute of limitations is tolled until he reaches the age of majority"); Ocasio-Berrios v. Bristol Myers Squibb Caribbean Corp., 73 F.Supp.2d 171, 174 (D.P.R. 1999) (holding that "[i]n Puerto Rico, statutes of limitations do not run against minors until they reach the legal age of 21.") Therefore, the "one year statutory period for bringing a cause of action is tolled until a plaintiffs twenty-first birthday in the event that the plaintiff is a minor at the time the action is filed; tolling provision extends to both the minor's own causes of action as well as to those inherited while still under legal age." Rentas Santiago, 453 F. Supp. 2d at 392; see 32 L.P.R.A. § 254(1).

Since Joshua, Annieyinet, Juan, and Alexander were minors when the present suit was filed, and still are, the statute of limitations for all claims arising under Article 1802 is tolled for them until they reach 21 years of age. Therefore, the minors claims are not time-barred. As a result, the prior judgment dismissing their claims with prejudice is void, insofar as it is a legal nullity. This Court notes that, due to this case's dense procedural history, the minors' ages were overlooked, and as a result, Defendants' motion for judgment on the pleadings was erroneously granted.

**Conclusion**

Based on the foregoing, Plaintiffs' motion to vacate is **GRANTED**, and the August 28, 2008 Opinion and Order, and Partial Judgment (Dockets ## 47 & 48) are hereby **SET ASIDE**. Therefore, the minors' claims are **REINSTATED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of June, 2009.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge